STATE OF NORTH CAROLINA v. DONALD B. LOWERY

No. 7514SC614

(Filed 7 January 1976)

**Constitutional Law § 32; Criminal Law § 91— continuance to obtain private counsel — denial of motion proper**

    The trial court exercised its judicial functions to provide defendant with effective counsel to insure his constitutional right to a fair trial, and it was not error for the court to deny defendant's motion for continuance for the purpose of obtaining private counsel.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 13 February 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 24 October 1975.

On 7 October 1974, defendant was indicted for an armed robbery that occurred on 25 July 1974. On 21 October 1974 counsel was appointed to represent defendant.

The case was called for trial on 12 February 1975. Through court appointed counsel defendant entered a plea of not guilty. A jury was duly selected and empaneled. Defendant then told the court that he wanted to discharge his court appointed counsel and asked that the case be continued so that he could obtain other counsel. The case had previously been continued for defendant at the 23 January 1975 session of Superior Court. At that session, defendant told the presiding judge that he had retained other counsel but that his counsel could not be there. The docket sheet indicated that substantially the same thing had occurred on other occasions when defendant had been brought from the jail for trial. The presiding judge at the 23 January 1975 session called the docket sheet to indicate the foregoing and that the case would be tried the next time it appeared on the trial calendar. Defendant intimated to Judge Canaday on 12 February that he had called an attorney in Winston-Salem but it was clearly made to appear that that attorney had not been employed to represent defendant and in fact, did not represent defendant. Judge Canaday made findings in accordance with the foregoing, denied defendant's motion for continuance and directed that the trial proceedings be resumed. The judge also found that the attorney appointed to represent defendant was an active and competent member of the Durham County Bar. Although defendant told the judge he did not want the court appointed counsel to represent him,.

the judge directed counsel to sit with defendant during the course of the trial so that defendant could have the opportunity to avail himself of the services of counsel to the extent that he elected to do so.

The jury returned a verdict of guilty as charged and judgment imposing a prison sentence of not less than 15 nor more than 20 years was entered. Counsel was appointed at public expense to perfect defendant's appeal to this Court.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Bryant, Bryant, Battle & Maxwell, P.A., by James B. Maxwell, for defendant appellant.*

VAUGHN, Judge.

Counsel for defendant states that the real issue in this case is whether the court exercised its judicial functions to provide defendant with effective counsel to insure his constitutional right to a fair trial. It is perfectly obvious that the presiding judge in this case, as well as the judge who had previously continued the case on defendant's pretense that he could privately employ counsel, did all that he could to provide defendant with the assistance of counsel. It is also obvious that defendant was not so much interested in a fair trial as he was in having no trial at all.

The evidence against defendant was substantial and convincing. Among other things, three men who admitted participating in the robbery with defendant testified for the State and told of defendant's role in that crime.

We find no prejudicial error in defendant's trial.

No error.

Judges BRITT and ARNOLD concur.